**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 2022-CV-1781-NRN

REBECCA GOERNER

        Plaintiff,

v.

FOXX EQUIPMENT COMPANY, INC., a Colorado corporation; and
FOXX EQUIPMENT COMPANY, a Missouri corporation,

        Defendants.

---

**DEFENDANTS FOXX EQUIPMENT COMPANY, INC.'S AND FOXX EQUIPMENT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

Defendants Foxx Equipment Company, Inc. and Foxx Equipment Company (collectively "Defendants") by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby submit the following Answer to Plaintiff Rebecca Goerner's ("Plaintiff") Complaint and Jury Demand ("Complaint"). Defendants deny each and every allegation contained within Plaintiff's Complaint that is not specifically admitted below.

**PRELIMINARY STATEMENT**

1. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 1 regarding Plaintiff's mental impressions of Plaintiff related to her hiring and position, and recruitment of others. Defendants admit it manufactures dispensing equipment and parts. All remaining allegations in paragraph 1 are denied.

2. Defendants lack knowledge and information sufficient to form a belief about the

truth of the allegations in paragraph 2 and accordingly denies same.

3. Defendants admit Plaintiff reported an alleged injury to supervisors, received medical treatment, and filed a workers' compensation claim. All remaining allegations in paragraph 3 are denied.

4. Defendants deny the allegations set forth in paragraph 4.

5. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 5 and accordingly denies same.

6. Defendants deny the allegations set forth in paragraph 6.

7. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 7 regarding Plaintiff's treatment and recovery related to an alleged disability. All remaining allegations in paragraph 7 are denied.

8. Defendants deny the allegations set forth in paragraph 8.

9. The allegations in paragraph 9 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 9.

10. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 10 regarding Plaintiff's treatment. All remaining allegations in paragraph 10 are denied.

11. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 11 regarding recommendations to Plaintiff from medical providers. Defendants admit Plaintiff took medical leave February 10 – 18, 2021. All remaining allegations in paragraph 11 are denied.

12. Defendants admit Plaintiff was terminated. As to the remainder of the allegations in paragraph 12, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and accordingly deny same.

## PARTIES

13. Defendants incorporate all preceding paragraphs as if fully set forth herein.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 that Plaintiff was, and is, a resident of Colorado, and accordingly deny the same.

15. Defendants deny the allegations set forth in paragraph 15.

16. Defendants deny the allegations set forth in paragraph 16.

17. Defendants admit the allegations set forth in paragraph 17.

18. Defendants admit the allegations set forth in paragraph 18.

19. The allegations in paragraph 19 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit it is an employer.

20. The allegations in paragraph 20 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant Foxx Equipment Company admits it employed Plaintiff.

21. The allegations in paragraph 21 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

22. The allegations in paragraph 22 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

23. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 23 regarding the vague allegation regarding an "employee handbook," and accordingly deny same.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 regarding the vague allegation regarding a "centralized Human Resources Department," and accordingly deny same.

25. The allegations in paragraph 25 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

26. The allegations in paragraph 26 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

27. The allegations in paragraph 27 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's confusion and accordingly deny same.

## JURISDICTION AND VENUE

28. Defendants incorporate all preceding paragraphs as if fully set forth herein.

29. Defendants admit that this Court has jurisdiction.

30. Defendants admit that this Court has original jurisdiction.

31. The allegations in paragraph 31 call for a legal conclusion, to which no response is required. To the extent a response is required, the basis for Plaintiff's claims speak for themselves, which Defendants deny the merit thereof.

32. The allegations in paragraph 32 call for a legal conclusion, to which no response is required. To the extent a response is required, the basis for Plaintiff's claims speak for themselves,

which Defendants deny the merit thereof.

33. The allegations in paragraph 33 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit this Court has jurisdiction.

34. The allegations in paragraph 34 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit venue is proper.

### ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

35. Defendants incorporate all preceding paragraphs as if fully set forth herein.

36. The allegations in paragraph 36 call for a legal conclusion, to which no response is required. To the extent a response is required, Plaintiff's filings with the EEOC and CCRD speak for themselves. Further, Defendants deny the merit of the claims and allegations within all filings.

37. The allegations in paragraph 37 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit it has not challenged Plaintiff meeting administrative prerequisites but reserves all rights related to its ability to do so.

### FACTUAL ALLEGATIONS

38. Defendants incorporate all preceding paragraphs as if fully set forth herein.

39. Defendants admit the allegations set forth in paragraph 39.

40. The allegations in paragraph 40 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants admit Plaintiff worked from March 20, 2020 through February 22, 2021. All remaining allegations in paragraph 40 are denied.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 regarding the personal feelings of Plaintiff, and accordingly deny same.

42. Defendants admit the allegations set forth in paragraph 42.

43. Defendants deny the allegations set forth in paragraph 43 to the extent Plaintiff's identified tasks are intended to be an exhaustive list. Defendants admit the allegations in paragraph 43 as to tasks for which Plaintiff was responsible.

44. The allegations in paragraph 44 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged injury and alleged necessary medical treatment and accordingly deny the same.

45. Defendants admit that Plaintiff reported the alleged injury and filed a workers' compensation claim. As to the remainder of the allegations in paragraph 45, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and accordingly deny same.

46. The allegations in paragraph 46 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 regarding the alleged medical diagnosis received from her medical providers and accordingly deny same.

48. The allegations in paragraph 48 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 regarding the alleged medical evaluation Plaintiff received from her medical providers and accordingly deny same.

50. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 regarding the alleged instructions Plaintiff received from her medical providers and accordingly deny same.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 regarding the alleged intent and context of the alleged verbal conversation between Plaintiff and Mr. Boysen and accordingly deny same.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 regarding the alleged assumptions perceived by Plaintiff from Mr. Boysen and any alleged previous disabilities verbally discussed, and accordingly deny same.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 regarding the alleged text message Mr. Boysen personally messaged Plaintiff, which may speak for itself, however, Defendants accordingly deny same.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 regarding the alleged intent and context of the alleged verbal conversation between Plaintiff and Mr. Boysen and accordingly deny same.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 regarding the alleged exact verbal statements made by Mr. Boysen and accordingly deny same.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 regarding the alleged intent and context of the alleged verbal conversation between Plaintiff and Mr. Boysen and accordingly deny same.

57. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 57 regarding the alleged intent and context of the alleged verbal conversation between Plaintiff and Mr. Boysen and accordingly deny same.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 regarding the alleged exact verbal statements made by Mr. Boysen and accordingly deny same.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 regarding Plaintiff's alleged medical visit and physical conditions and accordingly deny same.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 regarding Plaintiff's alleged medical procedure, physical conditions, and diagnosis, and accordingly deny same.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 regarding Plaintiff's alleged medical procedure, physical conditions, and diagnosis, and accordingly deny same.

62. Defendants admit they received medical records from Plaintiff. Defendants deny the remainder of the allegations in paragraph 62.

63. Defendants deny the allegations set forth in paragraph 63.

64. Defendants deny the allegations set forth in paragraph 64.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 regarding all verbal conversations between Plaintiff and Mr. Boysen and accordingly deny same.

66. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 66 regarding Plaintiff's ongoing medical treatment and diagnosis and accordingly deny same.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67(a) – (t), regarding the nature of Plaintiff's medical treatment, physical condition, diagnosis and instructions from medical providers, and accordingly deny same. Defendants deny the remainder of the allegations in paragraph 67(a) – (t).

68. Defendants deny the allegations set forth in paragraph 68.

69. Defendants deny the allegations set forth in paragraph 69(a) – (b).

70. The allegations in paragraph 70 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

71. Defendants deny the allegations set forth in paragraph 71.

72. Defendants deny the allegations set forth in paragraph 72.

73. The allegations in paragraph 73 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

74. Defendants deny the allegations set forth in paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 regarding any verbal communications and directive between Mr. Alvira, Mr. Boysen, and Plaintiff, and accordingly deny same.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 regarding medical referrals Plaintiff received in addition to any verbal communications from Mr. Boysen to Plaintiff, and accordingly deny same. Defendants deny all remaining allegations within paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 regarding unidentified Plaintiff write-ups, however, any such documentation regarding Plaintiff's performance speaks for itself. Defendants deny all remaining allegations within paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78(a) – (b) regarding verbal communications between Plaintiff and Mr. Boysen, and accordingly deny same.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79(a) – (d) regarding verbal communications between Plaintiff and her co-worker, Mr. Waltz, and accordingly deny same.

80. The allegations in paragraph 80 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 regarding verbal communications initiated by Plaintiff allegedly to Mr. Boysen, Mr. Alvira, and Mr. Waltz, and accordingly deny same. Defendants deny all remaining allegations within paragraph 80.

81. The allegations in paragraph 81 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 regarding a meeting with individuals identified only as "they," and accordingly deny same. Defendants deny all remaining allegations within paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 regarding any context around verbal communications from

Mr. Boysen and the personal reasons for leaving the alleged meeting, and accordingly deny same. Defendants deny all remaining allegations within paragraph 82.

83. The allegations in paragraph 83 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 regarding the verbal communications between Mr. Alvira and Plaintiff, and accordingly deny same. Defendants deny all remaining allegations within paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 regarding any context around the exact verbal communications from Mr. Boysen and the underlying comments directed implicitly at Plaintiff, and accordingly deny same. Defendants deny all remaining allegations within paragraph 84.

85. The allegations in paragraph 85 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

86. Defendants admit Plaintiff did not work between February 10 – 17, 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 regarding recommendations Plaintiff received from medical providers in which not to work February 10 -17, 2021, and accordingly deny same.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 regarding Plaintiff's perception of Mr. Alvira's non-verbal "annoyance," and accordingly deny same. Defendants deny all remaining allegations within paragraph 87.

88. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 88 regarding recommendations Plaintiff received from her medical provider. Defendants admit Plaintiff requested additional says out of work. Defendants deny all remaining allegations within paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 regarding Plaintiff's perception of Mr. Boysen's non-verbal "frustration," and Plaintiff's exact verbal representations, and accordingly deny same. Defendants deny all remaining allegations within paragraph 89.

90. Defendants admit the allegations set forth in paragraph 90.

91. Defendants admit the allegations set forth in paragraph 91, that Plaintiff was terminated on February 22, 2021.

**FIRST CLAIM FOR RELIEF**
**(Disability and/or Perceived Disability Discrimination and Failure to Accommodate in Violation of Section 102(a) and (b)(5)(A) of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112(a) and (b)(5)(A) Against Defendants)**

92. Defendants incorporate all preceding paragraphs as if fully set forth herein.

93. The allegations in paragraph 93 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

94. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 regarding Plaintiff's alleged physical condition, and accordingly deny same.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 regarding Plaintiff's alleged history with a prior disability, and accordingly deny same.

96. The allegations in paragraph 96 call for a legal conclusion, to which no response is

required. To the extent a response is required, Defendants admit Plaintiff did not request accommodation upon hire, in order to perform within the position. Defendants deny all remaining allegations.

97.     The allegations in paragraph 97 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

98.     Defendants deny the allegations set forth in paragraph 98.

99.     The allegations in paragraph 99 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

100.    The allegations in paragraph 100 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

101.    The allegations in paragraph 101 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

102.    The allegations in paragraph 102 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

103.    The allegations in paragraph 103 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

104.    The allegations in paragraph 104 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

**SECOND CLAIM FOR RELIEF**
**(Retaliation in Violation of the ADA, as amended, 42 U.S.C. § 12203(a)**
**Against Defendants)**

105.    Defendants incorporate all preceding paragraphs as if fully set forth herein.

106.    The allegations in paragraph 106 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 regarding Plaintiff's unidentified request for accommodation, and accordingly deny same.

107.    The allegations in paragraph 107 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 regarding Plaintiff's unidentified request for accommodation, and accordingly deny same.

108.    The allegations in paragraph 108 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

109.    The allegations in paragraph 109 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

110.    The allegations in paragraph 110 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

111.    The allegations in paragraph 111 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

112.    The allegations in paragraph 112 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

113.    The allegations in paragraph 113 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

## THIRD CLAIM FOR RELIEF
**(Wrongful Termination in Violation of Public Policy Against Defendants)**

114.    Defendants incorporate all preceding paragraphs as if fully set forth herein.

115. The allegations in paragraph 115 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

116. The allegations in paragraph 116 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

117. The allegations in paragraph 117 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

118. The allegations in paragraph 118 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

**FOURTH CLAIM FOR RELIEF**
**(Wrongful Termination Based on Gender in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.* Against Defendants)**

119. Defendants incorporate all preceding paragraphs as if fully set forth herein.

120. Defendants admit the allegations set forth in paragraph 120.

121. Defendants deny the allegations set forth in paragraph 121.

122. The allegations in paragraph 122 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

123. The allegations in paragraph 123 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

124. The allegations in paragraph 124 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny same.

**FIFTH CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Transparency Act, C.R.S. § 24-34-402(1)(i))**

125. Defendants incorporate all preceding paragraphs as if fully set forth herein.

126. The allegations in paragraph 126 call for a legal conclusion, to which no response

is required.  To the extent a response is required, Defendants admit the accuracy of the quoted section found, in-part, via C.R.S. § 24-34-402(1)(i), which speaks for itself.

127.   The allegations in paragraph 127 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

128.   The allegations in paragraph 128 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies same.

129.   The allegations in paragraph 129 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

130.   The allegations in paragraph 130 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny same.

131.   Defendants deny all allegations not expressly admitted, herein.

## **PRAYER FOR RELIEF**

In answer to the Demand for Judgment, Defendants deny that Plaintiff is entitled to any damages or relief of any kind.

## **AFFIRMATIVE DEFENSES**

The following affirmative defenses are asserted upon information and belief.  Defendants are not assuming the burden of proving any fact, issue, or element of a cause of action where such a burden properly belongs to Plaintiff, and nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.  Defendants reserve the right to assert additional affirmative defenses should subsequent discovery or disclosure so require.

1.   Plaintiff's Complaint, and each claim for relief alleged, fails to state a claim upon

which relief can be granted and should be dismissed.

2.      Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

3.      Defendants have not engaged in any discriminatory practices with malice or reckless indifference to Plaintiff's protected rights so that, in the event liability is found to exist, punitive damages should not be awarded.

4.      Plaintiff's claims may be barred or subject to reduction by virtue of her comparative fault, including Plaintiff's failure to satisfactorily perform her job duties.

5.      Defendants' good faith efforts to comply with applicable (and its own) policies may limit and/or preclude its potential liability to Plaintiff.

6.      Any action Defendants took that directly or indirectly affected Plaintiff, as alleged in the Complaint, were taken for legitimate, non-retaliatory, and nondiscriminatory reasons.

7.      Plaintiff's damages, if any, were not attributable to any act, conduct, or omission on the part of Defendants. Defendants deny they are culpable in any manner or in any degree with respect to the matters set forth in Plaintiff's Complaint.

8.      Plaintiff was an at-will employee whose employment could have been terminated at any time, for any reason, with or without notice.

9.      To the extent that Plaintiff makes allegations or claims that do not reasonably fall within the scope of claims made in any administrative charge timely filed by Plaintiff, such allegations or claims are barred.

10.     Plaintiff cannot establish that Defendants' legitimate, non-discriminatory reasons for any of its actions were a pretext for discrimination.

11. At no time did Defendants discriminate or retaliate against Plaintiff because of her alleged disability or on any other basis.

12. Plaintiff's claims, damages, or parts thereof, are barred by the doctrine of unclean hands.

13. Plaintiff suffered no injuries or damages as a result of any alleged wrongful conduct by Defendants.

14. Plaintiff's damages, if any, may be related to intervening and/or superseding causes which are unrelated to her claims and allegations as found in the Complaint.

15. Defendants have not completed discovery into the allegations of Plaintiff's Complaint. Defendants cannot fully anticipate all affirmative defenses and counterclaims that may be applicable to this action. Therefore, Defendants reserve its right to assert and establish other defenses based upon the development of information, informal discovery, discovery and/or more complete and complying notice of Plaintiff's claims.

WHEREFORE, Defendants respectfully requests that this Court enter one or more judgments and/or orders in its favor:

a. Dismissing the Complaint with prejudice;

b. Awarding Defendants their reasonable attorney's fees, costs and expenses incurred in defending against this action, pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1927, and/or other applicable law; and

c. Granting Defendants such other and further relief as is just, warranted and reasonable under the circumstances.

## DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated: September 19, 2022         Respectfully Submitted,

By: *s/ Alice Conway Powers*
Alice Conway Powers
Alice.Powers@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
303.861.7760
*Attorneys for FOXX Equipment Company, Inc. and FOXX Equipment Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, I presented the foregoing **DEFENDANTS FOXX EQUIPMENT COMPANY, INC.'S AND FOXX EQUIPMENT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

Jesse Fishman, Esq.
Claire Hunter, Esq.
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, CO 80202
chunter@hkm.com
jfishman@hkm.com
*Attorneys for Plaintiff*

*s/ Alice Conway Powers*
A duly signed original is on file at the Law Offices of LEWIS BRISBOIS