IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01781-PAB-NRN

REBECCA GOERNER,

    Plaintiff,

v.

FOXX EQUIPMENT COMPANY, INC., a Colorado corporation, and
FOXX EQUIPMENT COMPANY, a Missouri corporation,

    Defendants.

## ~~PROPOSED~~ SCHEDULING ORDER

**1. DATE OF THE CONFERENCE AND APPEARANCES OF COUNSEL**

The Telephonic Scheduling Conference is set for November 9, 2022 at 10:30 a.m. before Magistrate Judge N. Reid Neureiter.

Counsel for Plaintiff:

    Jesse K. Fishman
    Claire E. Hunter
    HKM Employment Attorneys LLP
    730 17th Street, Suite 750
    Denver, Colorado 80202
    720.439.7997
    jfishman@hkm.com
    chunter@hkm.com

Counsel for Defendants:

    Alice Conway Powers
    Brandon P. Friede
    Lewis Brisbois Bisgaard & Smith LLP
    1700 Lincoln Street, Suite 4000

Denver, Colorado 80203
303.861.7760
Alice.Powers@lewisbrisbois.com
Brandon.Friede@lewisbrisbois.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1343. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112(b)(4). Plaintiff also brings state claims for wrongful termination in violation of public policy and violation of Colorado's Wage Transparency Act. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## 3. STATEMENT OF CLAIMS AND DEFENSES

   a. Plaintiff:

Plaintiff, a trained Welder, was pleased to be hired as a Welder for Foxx Equipment on March 20, 2020. Foxx Equipment is a company that is well-known for manufacturing soft drink and beer dispensing equipment and parts. The work was interesting, so much so that she recruited an acquaintance to join the employ of Defendants.

Unfortunately, on or about September 14, 2020, Ms. Goerner was injured at work when a very heavy tabletop fell over, dropping sheet metal onto her leg. Ms. Goerner promptly reported the issue to her supervisors, sought medical treatment, and filed a workers' compensation claim.

4857-4881-5931.1   2

After that time, the Defendants began to treat Ms. Goerner differently – they questioned what medications she was on, called her an "addict," and, when she cried from the discriminatory and abusive treatment, said: "Of course you got emotional; you're a woman."

Ms. Goerner underwent treatment and tests, including MRIs. She was instructed to use crutches and then a brace, underwent months of physical therapy, and was subject to medical restrictions as instructed by her doctors. When Ms. Goerner presented the requests for accommodations to the Defendants, the Defendants issued her spurious write ups for following the restrictions. For example, she was written up for sitting down at work (when Ms. Goerner's doctor specifically advised her that she must take breaks to sit).

While Ms. Goerner continued to treat her disability and attempted to recover and return to full-duty, full-time work, Defendants' frustration with her increased. Soon, the Defendants took away a portion of Ms. Goerner's commissions and gave them to her co-worker, Mitchell Waltz, a male Welder. Tellingly, the Defendants attempted to justify this unlawful conduct with statements targeting Ms. Goerner's disability, such as and including:

   a. Why aren't you better? I'm sick of this!" and
   b. "You're not doing anything in the shop! Mitch is doing everything!"

In or about December 2020, Ms. Goerner reported the discriminatory conduct and harassing comments she had been subjected to. Unfortunately, the Defendants minimized her report and, upon information and belief, took no action to stop further harassment. Ms. Goerner continued to undergo treatment, and continued to request reasonable accommodations from the Defendants, but the poor treatment continued.

From February 10-18, 2021, as recommended by one of her medical providers and as approved by the Defendants, Ms. Goerner took medical leave. When Ms. Goerner returned to work following medical leave, on February 22, 2021 – and while she was still subject to medical restrictions – Defendants terminated her.

Ms. Goerner asserts claims for: (1) disability and/or perceived disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act; (2) retaliation in violation of the ADA; (3) wrongful termination in violation of public policy; (4) wrongful termination based on gender; and (5) violation of the Wage Transparency Act.

      b.      Defendants:

Defendant denies the material assertions and inferences in Plaintiff's Complaint. Specifically, Defendant did not discriminate or retaliate against Plaintiff in any manner, including without limitation, on the basis of an alleged or perceived disability, or on the basis of gender. Defendant denies that Plaintiff has any disability and Plaintiff cannot meet any elements of the claims alleged in her Complaint. Further, Plaintiff was, at all times, an at-will employee and her separation from employment occurred due to legitimate, nondiscriminatory reasons. Defendant incorporates its Answer to Plaintiff's Complaint, including the affirmative and other defenses, by reference herein. Defendant denies any liability arising from Plaintiff's allegations because the allegations lack factual or legal support.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a).     Plaintiff began working for Foxx Equipment as a Welder on March 20, 2020.

b).     Plaintiff was terminated on or about February 22, 2021.

## 5.  COMPUTATION OF DAMAGES

**Plaintiff seeks the following damages:**

1). All recoverable economic damages, including, without limitation:

   a. Plaintiff's past and future lost wages, to be determined through discovery;

   b. Past and future benefits, to be determined through discovery.

2). All recoverable non-economic damages, including garden-variety emotional distress damages;

3). Punitive damages, as permitted by law;

4). Attorneys' fees and costs; and

5). Statutory prejudgment and post-judgment interest.

   **Defendants**: Defendant disputes all aforementioned categories of damages by Plaintiff. Further, Defendant seeks the following in damages: (a) reasonable attorney's fees, costs and expenses incurred in defending against this action, pursuant to FED. R. CIV. P. 54(d)(1), 28 U.S.C. § 1927 and/or other applicable law; and (b) such other and further relief as is just, warranted and reasonable under the circumstances.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting**: October 25, 2022

b. **Names of each participant and party he/she represented**. Jesse Fishman for the Plaintiff. Alice Conway Powers for the Defendant.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**. Disclosures will be made on November 8, 2022.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** None.

e.  **Statement concerning any agreements to conduct informal discovery**: None currently. The parties agree to continue to discuss opportunities for informal discovery as such opportunities may arise.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system**.

    1. The parties will utilize a uniform exhibit numbering system for depositions and at trial.
    2. The parties agree that a party responding to requests for production of documents will produce all responsive documents on the day the responses are due or as soon as practicable afterward.
    3. Where possible, the parties will produce documents in a searchable PDF format.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form**.

    a. The parties anticipate there will be electronic discovery, but Defendant does not anticipate that it will be extensive. The parties agree to work together in handling the production of ESI, and currently plan to produce all ESI in pdf format, if possible, other than Excel worksheets or other documents or records which cannot be produced in a pdf format.

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case**. The parties' counsel discussed the possibilities of

settlement, and possibilities for a mediation, during their 26(f) conference. It is currently unclear whether a prompt resolution of this case will be possible, but the parties will continue to discuss settlement throughout this action as appropriate.

### 7. CONSENT

All parties do not consent to the exercise of the jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** ~~The parties agree to a limit of ten (10) depositions per side, but will attempt to take less, and will follow the requirements of Fed. R. Civ. P. 30(a).~~ Each side shall be limited to 7 depositions. The parties agree to the presumptive limit of twenty-five (25) written interrogatories per side, including all discrete subparts, per Fed. R. Civ. P. 33(a)(1).

b. **Limitations which any party proposes on the length of depositions**. ~~None.~~ Depositions shall not exceed 7 hours for three deponents, exclusive of experts, all others limited to 4 hours, without prior agreement or absent leave of court.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admissions:** The parties agree to a limit of twenty-five (25) requests for production per side and twenty-five (25) requests for admission per side.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**: **Friday, June 23, 2023** the first business day following 45 days before the close of discovery.

e.    **Other Planning or Discovery Orders**. ~~All discovery motions shall be made in compliance with the Practice Standards of this Court~~ <u>The parties shall follow Judge Neuretier's Practice Standatds in regards to discovery disputes</u>.  The parties will execute an appropriate stipulated Protective Order for the Court's approval if needed to address privacy and confidentiality issues related to documents and information produced and obtained during and after this litigation.

### 9.    CASE PLAN AND SCHEDULE

a.    **Deadline for Joinder of Parties and Amendment of Pleadings**: Per Fed. R. Civ. P. 15(a)(2), the deadline for joinder of parties and amendment of pleadings will be **Tuesday, December 27, 2022,** the first business day following forty-five (45) days after the date of the scheduling conference on November 9, 2022.

b.    **Discovery Cut-off:** ~~Plaintiff's Position: Friday, June 23, 2023. Defendants' Position:~~ Monday, August 7, 2023.

c.    **Dispositive Motion Deadline:** ~~Plaintiff's Position: Monday, July 24, 2023. Defendants' Position:~~ <u>Wednesday, September 6, 2023,</u> the first business day following thirty (30) days after the close of discovery pursuant to Fed. R. Civ. P. 56.

d.    **Expert Witness Disclosure**

1.    **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff reserves the right to disclose an economist, a medical expert(s), and any necessary rebuttal experts in accordance with Fed. R. Civ. P. 26.

2.    **Limitations which the parties propose on the use or number of expert witnesses:** The parties limit the number of experts to two (2) per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: ~~Plaintiff's Position: Monday, April 24, 2023.  Defendants' Position: Thursday, June 8, 2023, the first business day following sixty (60) days prior to the discovery cut-off.~~ May 19, 2023

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: ~~Plaintiff's Position: Wednesday, May 24, 2023.  Defendants' Position: Monday, July 10, 2023, the first business day following thirty (30) days after the original expert disclosures.~~ June 23, 2023

    e. **Identification of Persons to Be Deposed:**

**Plaintiff:**

1. Defendant, through its designee(s), each of whom may be deposed for up to 7 hours.
2. Mitchell Waltz, Co-worker;
3. David Boysen, Supervisor;
4. Albert Alvira, General Manager;
5. Any other individual involved in the decision to terminate Plaintiff;
6. Any/all individuals involved in decisions regarding Plaintiff's accommodations;
7. Any/all individuals involved in decisions regarding Plaintiff's workers' compensation injury and/or claim;

8. Any/all individuals involved in determining Plaintiff's pay structure and/or reassigning commissions to Mitchell Waltz; and

9. Witnesses disclosed or identified by Defendant, including any designated experts.

**Defendants:**

1. Defendant intends to depose Plaintiff and any other individual disclosed as a potential witness by Plaintiff or revealed in the course of discovery, including but not limited to any health care providers identified by Plaintiff.

The parties reserve their right to depose other witnesses as discovery progresses. The parties need not move to amend this scheduling order to depose persons not identified in the above lists provided that the parties adhere to the limits on the number of depositions set forth in § 8a, above

## 10. DATES FOR FURTHER CONFERENCES

a. **Telephonic** Status conferences will be held in this case at the following dates and times: **June 1, 2023 at 11:30 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203**.

b. A **telephonic** final pretrial conference will be held in this case on **October 25, 2023, at 10:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203,** ~~at o'clock m.~~ A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference. **The parties**

**are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled times.**

## 11. OTHER SCHEDULING MATTERS

     **a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.** None

     **b.**    **Anticipated length of trial and whether trial is to the court or jury**. The parties anticipate that the jury trial of this matter will take 4 days, including jury selection.

     **c.**    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.** None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 9th day of November 2022.

BY THE COURT:

*N. Reid Neureiter* (signature)

N. Reid Neureiter,
United States Magistrate Judge

APPROVED:

/s/ *Jesse K. Fishman*
Claire E. Hunter
Jesse K. Fishman
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, CO 80202
303.255.0370
chunter@hkm.com
jfishman@hkm.com
***Attorneys for the Plaintiff***

/s/ *Alice Conway Powers*
Alice Conway Powers
Brandon P. Friede
Lewis Brisbois Bisgaard & Smith LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
303.861.7760
Alice.Powers@lewisbrisbois.com
Brandon.Friede@lewisbrisbois.com
***Attorneys for the Defendants***